IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS AV, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ASUSTEK COMPUTER, INC.; | ) | JURY TRIAL DEMANDED |
| ASUS COMPUTER INTERNATIONAL, INC.; | ) | |
| PANTECH CO., LTD.; | ) | |
| PANTECH WIRELESS, INC.; | ) | |
| SAMSUNG ELECTRONICS CO., LTD.; | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC.; | ) | |
| SAMSUNG TELECOMMUNICATIONS | ) | |
| AMERICA, LLC. | ) | |
| Defendants | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Pragmatus AV, LLC ("Pragmatus"), on personal knowledge as to its own acts,

and on information and belief as to all others based on its investigation, alleges as follows

against Defendants ASUSTek Computer, Inc., ASUS Computer International, Inc., Pantech Co.,

Ltd., Pantech Wireless, Inc., Samsung Electronics Co. Ltd., Samsung Electronics America, Inc.,

and Samsung Telecommunications America:

## INTRODUCTION

1.)     This action is brought by Pragmatus against, ASUSTek Computer, Inc. and ASUS

Computer International, Inc., (jointly, "ASUS"), Pantech Co., Ltd. and Pantech Wireless, Inc.

(jointly, "Pantech"), Samsung Electronics Co. Ltd., Samsung Electronics America, Inc. and

Samsung Telecommunications America (collectively "Samsung")(collectively, "the

Defendants") for Defendants' infringement of Pragmatus' patents. In particular, Pragmatus seeks

remedies for Defendant's infringement of U.S. Patent Nos. 6,237,025 ("the 025 Patent"),

1

6,351,762 ("the 762 Patent"), 7,185,054 ("the 054 Patent"), 5,854,893 ("the 893 Patent"), and

7,206,809 ("the 809 Patent")(collectively, "the patents-in-suit").

2.)    Each of the patents-in-suit is directed towards collaboration and video

conferencing technology, including contact lists, video calling, video chat, audio chat, text-based

chat and other types of real-time communications.

3.)    Each of the patents-in-suit is critical to collaboration, video conferencing, and

real-time communication and each of the patents-in-suit has previously been licensed to major

collaboration, video conference, and real-time communication providers.

4.)    For example, Polycom was granted a license to the patents-in-suit for a Twenty

Seven Million Five Hundred Thousand Dollars ($27,500,000.00) payment and a broad cross

license agreement as described in the Avistar 10K report attached hereto as Exhibit A.

5.)    Further, Tandberg was granted a license to the patents-in-suit for a Twelve

Million Dollar ($12,000,000.00) payment and a broad cross license agreement as described in the

Avistar 10K report attached hereto as Exhibit A.

6.)    Each of the patents-in-suit has been subject to an extensive reexamination request

in the United States Patent and Trademark Office.

7.)    The '025, '762, '054, and '809 Patent reexamination requests were denied by the

United States Patent and Trademark Office.

8.)    The '893 Patent reexamination request was accepted resulting in claims 1-22

being allowed.

9.)    The patents-in-suit will also be the subject of a complaint in the International

Trade Commission against the Defendants. A courtesy draft copy of that complaint is attached as

Exhibit G.

**PARTIES**

10.) Plaintiff Pragmatus is incorporated under the law of the Commonwealth of Virginia and has its principal place of business at 601 King Street, Alexandria, VA 22314.

11.) On information and belief, Defendant Asustek Computer, Inc. is a foreign corporation organized and existing under the laws of Taiwan, with its principal place of business at 4F, No. 15, Li-The Road, Beitou District, Taipei City, Taiwan. Asustek Computer, Inc. is in the business of making, offering for sale, selling, and supporting consumer electronics, including mobile phones and tablets, manufactured outside of the United States. Asustek Computer, Inc. is the primary R&D and manufacturing base for the entire corporate structure, and maintains foreign manufacturing subsidiaries. Asustek Computer, Inc. identifies the United States as a key market and established a subsidiary, Asus Computer International, Inc., to be its presence in the United States. Asustek Computer, Inc. is the parent corporation of Defendant Asus Computer International, Inc.

12.) On information and belief, Defendant Asus Computer International, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 800 Corporate Way, Fremont California 94539. Asus Computer International, Inc. may be served with process by serving its registered agent, Godwin Yan located at 800 Corporate Way, Fremont California 94539. On information and belief, Asus Computer International, Inc. is a wholly-owned subsidiary of Asustek Computer, Inc., and is the primary Asus operation center in North America. Asus Computer International, Inc. is in the business of making, offering for sale, importing, selling and supporting consumer electronics, including mobile phones and tablets, in the United States, that are manufactured outside of the United States. On information and belief, Asus Computer International, Inc. is responsible for

all of Asus activities taking place in the United States, including the importation of goods manufactured in foreign countries.  Asustek Computer, Inc. and Asus Computer International, Inc.  are referred to collectively as "ASUS."

13.)    Pragmatus is informed and believes that ASUS offers mobile phones and tablets to customers in this judicial district (e.g., the Transformer Prime Tablet, among others).

14.)    Pragmatus is informed and believes that ASUS designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Pragmatus is informed and believes that ASUS sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

15.)    On information and belief, Defendant Pantech Co., Ltd.  is located and has a principle place of business at 1-2, DMC Sangam-don Mapo-gu, Seoul, South Korea.  Pantech Co., Ltd. is in the business of developing, manufacturing, and selling consumer electronics, including mobile phones and tablets.    Upon information and belief, Pantech Co., Ltd is the parent corporation of Defendant Pantech Wireless Inc.

16.)    On information and belief, Defendant Pantech Wireless Inc. is a wholly-owned subsidiary of Defendant Pantech Co., Ltd.  On information and belief, Pantech Wireless, Inc. is a corporation organized and existing under the laws of the state of Georgia, with its principal place of business located at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342, and is managed by its parent Pantech Co., Ltd.  Pantech Wireless, Inc. may be served with process by serving its registered agent, Kathleen Elizabeth Jones, 5607 Glenridge Drive, Suite 500, Atlanta Georgia 30342. On information and belief, Defendant Pantech Wireless Inc. provides a variety of

consumer electronics, including mobile phones and tablets, to customers throughout North America.  Pantech Wireless Inc. has imported such goods manufactured by Pantech Co., Ltd. from South Korea.  Defendants Pantech Co., Ltd. and Pantech Wireless Inc. are referred to collectively as "Pantech."

17.)    Pragmatus is informed and believes that Pantech offers mobile phones and tablets to customers in this judicial district (e.g., the Burst mobile phone, the Element Tablet, among others).

18.)    Pragmatus is informed and believes that Pantech designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Pragmatus is informed and believes that Pantech sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

19.)    Upon information and belief Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of South Korea, with its principal place of business located at Samsung Electronics Bldg., 1320-10 Seocho 2-dong, Seocho-gu, Seoul 137-857, South Korea.  Upon information and belief, Samsung Electronics Co., Ltd. is in the business of developing, manufacturing, and selling consumer electronics, including mobile phones and tablets.  Upon information and belief, Samsung Electronics Co., Ltd. has identified the United States as a major market for Samsung products.  Upon information and belief, Samsung Electronics Co., Ltd. is the parent corporation of Defendants Samsung Electronics America, Inc. and Samsung Telecommunications America, L.L.C., who run Samsung Electronics Co., Ltd.'s United States operations.

20.) Upon information and belief, Defendant Samsung Electronics America, Inc. is a wholly-owned subsidiary of Defendant Samsung Electronics Co., Ltd. Upon information and belief, Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660. Upon information and belief, Defendant Samsung Electronics America, Inc. is the managing entity for the North American operations of Defendant Samsung Telecommunications America, L.L.C.

21.) Upon information and belief, Defendant Samsung Telecommunications America, L.L.C. is a subsidiary of Defendant Samsung Electronics America, Inc., with an ultimate parent of Samsung Electronics Co., Ltd. Samsung Telecommunications America, L.L.C. is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 1301 Lookout Drive, Richardson, Texas 75082. On information and belief, Defendant Samsung Telecommunications America, L.L.C. provides a variety of consumer electronics, including mobile phones and tablets, to customers throughout North America.

22.) Pragmatus is informed and believes that Samsung offers mobile phones and tablets to customers in this judicial district (e.g., the Galaxy SII Skyrocket mobile phone, the Galaxy Tab 10.1 tablet, among others).

23.) Pragmatus is informed and believes that Samsung designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. Pragmatus is informed

and believes that Samsung sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## JURSIDICTION

24.)    This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

## VENUE

25.)    Venue is proper under 28 U.S.C. §§ 1391 and 1400 because the Defendants have committed acts of infringement in this district and/or is deemed to reside and are incorporated in this district and have purposely availed themselves of the privileges and benefits of the laws of the State of Delaware.

26.)    This court has personal jurisdiction over the Defendants because, among other things, the Defendants have committed, aided, abetted, contributed, to and/or participated in the commission of acts giving rise to this action within this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and justice. The Defendants designed, made or had made on its behalf, and placed infringing products and/or services into the stream of commerce with the reasonable expectation and/or knowledge that actual or potential ultimate purchasers and users for such products and/or services were located within this judicial district. The Defendants sold, advertised, solicited customers, marketed and distributed its infringing products and/or services in this judicial district.

## THE PATENTS-IN-SUIT

27.)    Paragraphs 1-26 are reincorporated by reference as if fully set forth herein.

28.)    On May 22, 2001, the '025 Patent, titled "Multimedia Collaboration System" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '025 Patent is attached hereto as Exhibit B.

29.)    Pragmatus holds all right, title and interest in and to the '025 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

30.)    On February 26, 2002 the '762 Patent, titled "Method and System for Log-In-Based Video and Multimedia Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '762 Patent is attached hereto as Exhibit C.

31.)    Pragmatus holds all right, title and interest in and to the '762 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

32.)    On February 27, 2007 the '054 Patent, titled "Participant Display and Selection in Video Conference Calls" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '054 Patent is attached hereto as Exhibit D.

33.)    Pragmatus holds all right, title and interest in and to the '054 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

34.)    On December 29, 1998 the '893 Patent, titled "System for Teleconferencing in which Collaboration Types and Participants by Name or Icons are Selected by a Participant of the Teleconference" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '893 Patent is attached hereto as Exhibit E.

35.)    Pragmatus holds all right, title and interest in and to the '893 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

36.)     On April 17th, 2007 the '809 Patent, titled "Method for Real-Time Communication Between Plural Users" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '809 Patent is attached hereto as Exhibit F.

37.)     Pragmatus holds all right, title and interest in and to the '809 Patent including the right to sue for and recover all damages for infringement thereof, including past infringement.

**COUNT I**
**(Infringement of United States Patent No. 6,237,025)**

38.)     Paragraphs 1-37 are incorporated by reference as if fully restated herein.

39.)     ASUS has and continues to infringe directly one or more claims of the '025 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 33 of the '025 Patent, including at least by providing mobile phone and tablet products.

40.)     ASUS has and continues to infringe indirectly one or more claims of the '025 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 33 of the '025 Patent, including at least users of ASUS mobile phone and tablets.  ASUS has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing ASUS' infringement of the patents-in-suit, and copies of the patents in suit. ASUS' infringement is continuing. See, e.g., http://usa.asus.com/

41.)     ASUS actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '025 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '025 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and

with the knowledge and the specific intent to encourage and facilitate those infringing sales and

uses of the mobile phone and tablet products through the creation and dissemination of

promotional and marketing materials, instructional materials, product manuals, and technical

materials.

42.)    ASUS has also contributed to the infringement by others, including the end users

of the mobile phone and tablet products, and continues to contribute to infringement by others,

by selling, offering to sell, and importing the mobile phone and tablet products into the United

States, knowing that those products constitute a material part of the inventions of the '025 Patent,

knowing those products to be especially made or adapted to infringe the '025 Patent, and

knowing that those products are not staple articles or commodities of commerce suitable for

substantial non-infringing use.

43.)    As a result of ASUS' acts of infringement, Pragmatus has suffered and will

continue to suffer damages in an amount to be proved at trial.

44.)    Pantech has and continues to infringe directly one or more claims of the '025

Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at

least claim 33 of the '025 Patent, including at least by providing mobile phone and tablet

products.

45.)    Pantech has and continues to infringe indirectly one or more claims of the '025

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 33 of the '025 Patent, including at least users of Pantech mobile phone and tablets.

Pantech has notice and knowledge of its infringement at least via a notice letter sent by

Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an

ITC investigation for the patents-in-suit, claim charts detailing Pantech's infringement of the

patents-in-suit, and copies of the patents in suit. Pantech's infringement is continuing. See, e.g., http://www.pantechusa.com/

46.)     Pantech actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '025 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '025 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

47.)     Pantech has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '025 Patent, knowing those products to be especially made or adapted to infringe the '025 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

48.)     As a result of Pantech's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

49.)     Samsung has and continues to infringe directly one or more claims of the '025 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 33 of the '025 Patent, including at least by providing mobile phone and tablet

products.

50.)    Samsung has and continues to infringe indirectly one or more claims of the '025

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 33 of the '025 Patent, including at least users of Samsung mobile phone and tablets.

Samsung has notice and knowledge of its infringement at least via a notice letter sent by

Pragmatus, dated February 13, 2012.  The notice letter included a draft complaint requesting an

ITC investigation for the patents-in-suit, claim charts detailing Samsung's infringement of the

patents-in-suit, and copies of the patents in suit. Samsung's infringement is continuing. See, e.g.,

http://www.samsung.com/us/#latest-home

51.)    Samsung actively, knowingly, and intentionally induced, and continues to

actively, knowingly, and intentionally induce, infringement of the '025 Patent by making, using,

offering for sale, importing, and selling the mobile phone and tablet products, as well as by

contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet

products, all with knowledge of the '025 Patent and its claims; with knowledge that its customers

and end users will use, market, sell, offer to sell, and import the mobile phone and tablet

products; and with the knowledge and the specific intent to encourage and facilitate those

infringing sales and uses of the mobile phone and tablet products through the creation and

dissemination of promotional and marketing materials, instructional materials, product manuals,

and technical materials.

52.)    Samsung has also contributed to the infringement by others, including the end

users of the mobile phone and tablet products, and continues to contribute to infringement by

others, by selling, offering to sell, and importing the mobile phone and tablet products into the

United States, knowing that those products constitute a material part of the inventions of the '025

Patent, knowing those products to be especially made or adapted to infringe the '025 Patent, and

knowing that those products are not staple articles or commodities of commerce suitable for

substantial non-infringing use.

53.)     As a result of Samsung's acts of infringement, Pragmatus has suffered and will

continue to suffer damages in an amount to be proved at trial.

### COUNT II
### (Infringement of United States Patent No. 6,351,762)

54.)     Paragraphs 1-37 are incorporated by reference as if fully restated herein.

55.)     ASUS has and continues to infringe directly one or more claims of the '762 Patent

by making, using, offering for sale, selling and/or practicing the inventions covered by at least

claim 11 of the '762 Patent, including at least by providing mobile phone and tablet products.

56.)     ASUS has and continues to infringe indirectly one or more claims of the '762

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 11 of the '762 Patent, including at least users of ASUS mobile phone and tablets.  ASUS

has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated

February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation

for the patents-in-suit, claim charts detailing ASUS' infringement of the patents-in-suit, and

copies of the patents in suit. ASUS' infringement is continuing. See, e.g., http://usa.asus.com/

57.)     ASUS actively, knowingly, and intentionally induced, and continues to actively,

knowingly, and intentionally induce, infringement of the '762 Patent by making, using, offering

for sale, importing, and selling the mobile phone and tablet products, as well as by contracting

with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all

with knowledge of the '762 Patent and its claims; with knowledge that its customers and end

users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and

with the knowledge and the specific intent to encourage and facilitate those infringing sales and

uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

58.)    ASUS has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '762 Patent, knowing those products to be especially made or adapted to infringe the '762 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

59.)    As a result of ASUS' acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

60.)    Pantech has and continues to infringe directly one or more claims of the '762 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 11 of the '762 Patent, including at least by providing mobile phone and tablet products.

61.)    Pantech has and continues to infringe indirectly one or more claims of the '762 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 11 of the '762 Patent, including at least users of Pantech mobile phone and tablets. Pantech has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing Pantech's infringement of the patents-in-suit, and copies of the patents in suit. Pantech's infringement is continuing. See, e.g.,

http://www.pantechusa.com/

62.)    Pantech actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '762 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '762 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

63.)    Pantech has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '762 Patent, knowing those products to be especially made or adapted to infringe the '762 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

64.)    As a result of Pantech's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

65.)    Samsung has and continues to infringe directly one or more claims of the '762 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 11 of the '762 Patent, including at least by providing mobile phone and tablet products.

66.)     Samsung has and continues to infringe indirectly one or more claims of the '762

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 11 of the '762 Patent, including at least users of Samsung mobile phone and tablets.

Samsung has notice and knowledge of its infringement at least via a notice letter sent by

Pragmatus, dated February 13, 2012.  The notice letter included a draft complaint requesting an

ITC investigation for the patents-in-suit, claim charts detailing Samsung's infringement of the

patents-in-suit, and copies of the patents in suit. Samsung's infringement is continuing. See, e.g.,

http://www.samsung.com/us/#latest-home

67.)     Samsung actively, knowingly, and intentionally induced, and continues to

actively, knowingly, and intentionally induce, infringement of the '762 Patent by making, using,

offering for sale, importing, and selling the mobile phone and tablet products, as well as by

contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet

products, all with knowledge of the '762 Patent and its claims; with knowledge that its customers

and end users will use, market, sell, offer to sell, and import the mobile phone and tablet

products; and with the knowledge and the specific intent to encourage and facilitate those

infringing sales and uses of the mobile phone and tablet products through the creation and

dissemination of promotional and marketing materials, instructional materials, product manuals,

and technical materials.

68.)     Samsung has also contributed to the infringement by others, including the end

users of the mobile phone and tablet products, and continues to contribute to infringement by

others, by selling, offering to sell, and importing the mobile phone and tablet products into the

United States, knowing that those products constitute a material part of the inventions of the '762

Patent, knowing those products to be especially made or adapted to infringe the '762 Patent, and

knowing that those products are not staple articles or commodities of commerce suitable for

substantial non-infringing use.

69.)     As a result of Samsung's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNT III**
**(Infringement of United States Patent No. 7,185,054)**

70.)     Paragraphs 1-37 are incorporated by reference as if fully restated herein.

71.)     ASUS has and continues to infringe directly one or more claims of the '054 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 10 of the '054 Patent, including at least by providing mobile phone and tablet products.

72.)     ASUS has and continues to infringe indirectly one or more claims of the '054 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 10 of the '054 Patent, including at least users of ASUS mobile phone and tablets.  ASUS has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing ASUS' infringement of the patents-in-suit, and copies of the patents in suit. ASUS' infringement is continuing. See, e.g., http://usa.asus.com/

73.)     ASUS actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '054 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '054 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and

uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

74.)     ASUS has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '054 Patent, knowing those products to be especially made or adapted to infringe the '054 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

75.)     As a result of ASUS' acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

76.)     Pantech has and continues to infringe directly one or more claims of the '054 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 10 of the '054 Patent, including at least by providing mobile phone and tablet products.

77.)     Pantech has and continues to infringe indirectly one or more claims of the '054 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 10 of the '054 Patent, including at least users of Pantech mobile phone and tablets. Pantech has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing Pantech's infringement of the patents-in-suit, and copies of the patents in suit. Pantech's infringement is continuing. See, e.g.,

http://www.pantechusa.com/

78.)     Pantech actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '054 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '054 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

79.)     Pantech has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '054 Patent, knowing those products to be especially made or adapted to infringe the '054 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

80.)     As a result of Pantech's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

81.)     Samsung has and continues to infringe directly one or more claims of the '054 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 10 of the '054 Patent, including at least by providing mobile phone and tablet products.

82.)     Samsung has and continues to infringe indirectly one or more claims of the '054

Patent by inducing others to infringe and/or contributing to the infringement by others of at least

claim 10 of the '054 Patent, including at least users of Samsung mobile phone and tablets.

Samsung has notice and knowledge of its infringement at least via a notice letter sent by

Pragmatus, dated February 13, 2012.  The notice letter included a draft complaint requesting an

ITC investigation for the patents-in-suit, claim charts detailing Samsung's infringement of the

patents-in-suit, and copies of the patents in suit. Samsung's infringement is continuing. See, e.g.,

http://www.samsung.com/us/#latest-home

83.)     Samsung actively, knowingly, and intentionally induced, and continues to

actively, knowingly, and intentionally induce, infringement of the '054 Patent by making, using,

offering for sale, importing, and selling the mobile phone and tablet products, as well as by

contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet

products, all with knowledge of the '054 Patent and its claims; with knowledge that its customers

and end users will use, market, sell, offer to sell, and import the mobile phone and tablet

products; and with the knowledge and the specific intent to encourage and facilitate those

infringing sales and uses of the mobile phone and tablet products through the creation and

dissemination of promotional and marketing materials, instructional materials, product manuals,

and technical materials.

84.)     Samsung has also contributed to the infringement by others, including the end

users of the mobile phone and tablet products, and continues to contribute to infringement by

others, by selling, offering to sell, and importing the mobile phone and tablet products into the

United States, knowing that those products constitute a material part of the inventions of the '054

Patent, knowing those products to be especially made or adapted to infringe the '054 Patent, and

knowing that those products are not staple articles or commodities of commerce suitable for

substantial non-infringing use.

85.)     As a result of Samsung's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

### COUNT IV
### (Infringement of United States Patent No. 5,854,893)

86.)     Paragraphs 1-37 are incorporated by reference as if fully restated herein.

87.)     Pantech has and continues to infringe directly one or more claims of the '893 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 13 of the '893 Patent, including at least by providing mobile phone and tablet products.

88.)     Pantech has and continues to infringe indirectly one or more claims of the '893 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 13 of the '893 Patent, including at least users of Pantech mobile phone and tablets. Pantech has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing Pantech's infringement of the patents-in-suit, and copies of the patents in suit. Pantech's infringement is continuing. See, e.g., http://www.pantechusa.com/

89.)     Pantech actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '893 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '893 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and

with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

90.)    Pantech has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '893 Patent, knowing those products to be especially made or adapted to infringe the '893 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

91.)    As a result of Pantech's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

92.)    Samsung has and continues to infringe directly one or more claims of the '893 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 13 of the '893 Patent, including at least by providing mobile phone and tablet products.

93.)    Samsung has and continues to infringe indirectly one or more claims of the '893 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 13 of the '893 Patent, including at least users of Samsung mobile phone and tablets. Samsung has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 13, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing Samsung's infringement of the

patents-in-suit, and copies of the patents in suit. Samsung's infringement is continuing. See, e.g., http://www.samsung.com/us/#latest-home

94.) Samsung actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '893 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '893 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

95.) Samsung has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '893 Patent, knowing those products to be especially made or adapted to infringe the '893 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

96.) As a result of Samsung's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT V
### (Infringement of United States Patent No. 7,206,809)

97.) Paragraphs 1-37 are incorporated by reference as if fully restated herein.

98.)    ASUS has and continues to infringe directly one or more claims of the '809 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 1 of the '809 Patent, including at least by providing mobile phone and tablet products.

99.)    ASUS has and continues to infringe indirectly one or more claims of the '809 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 1 of the '809 Patent, including at least users of ASUS mobile phone and tablets.  ASUS has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing ASUS' infringement of the patents-in-suit, and copies of the patents in suit. ASUS' infringement is continuing. See, e.g., http://usa.asus.com/

100.)    ASUS actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '809 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '809 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

101.)    ASUS has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United

States, knowing that those products constitute a material part of the inventions of the '809 Patent, knowing those products to be especially made or adapted to infringe the '809 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

102.)   As a result of ASUS' acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

103.)   Pantech has and continues to infringe directly one or more claims of the '809 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 1 of the '809 Patent, including at least by providing mobile phone and tablet products.

104.)   Pantech has and continues to infringe indirectly one or more claims of the '809 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 1 of the '809 Patent, including at least users of Pantech mobile phone and tablets.  Pantech has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 6, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing Pantech's infringement of the patents-in-suit, and copies of the patents in suit. Pantech's infringement is continuing. See, e.g., http://www.pantechusa.com/

105.)   Pantech actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '809 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '809 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and

uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

106.)   Pantech has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '809 Patent, knowing those products to be especially made or adapted to infringe the '809 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

107.)   As a result of Pantech's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

108.)   Samsung has and continues to infringe directly one or more claims of the '809 Patent by making, using, offering for sale, selling and/or practicing the inventions covered by at least claim 1 of the '809 Patent, including at least by providing mobile phone and tablet products.

109.)   Samsung has and continues to infringe indirectly one or more claims of the '809 Patent by inducing others to infringe and/or contributing to the infringement by others of at least claim 1 of the '809 Patent, including at least users of Samsung mobile phone and tablets. Samsung has notice and knowledge of its infringement at least via a notice letter sent by Pragmatus, dated February 13, 2012.  The notice letter included a draft complaint requesting an ITC investigation for the patents-in-suit, claim charts detailing Samsung's infringement of the patents-in-suit, and copies of the patents in suit. Samsung's infringement is continuing. See, e.g., http://www.samsung.com/us/#latest-home

110.)   Samsung actively, knowingly, and intentionally induced, and continues to

actively, knowingly, and intentionally induce, infringement of the '809 Patent by making, using, offering for sale, importing, and selling the mobile phone and tablet products, as well as by contracting with others to use, market, sell, offer to sell, and import the mobile phone and tablet products, all with knowledge of the '809 Patent and its claims; with knowledge that its customers and end users will use, market, sell, offer to sell, and import the mobile phone and tablet products; and with the knowledge and the specific intent to encourage and facilitate those infringing sales and uses of the mobile phone and tablet products through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.

111.)   Samsung has also contributed to the infringement by others, including the end users of the mobile phone and tablet products, and continues to contribute to infringement by others, by selling, offering to sell, and importing the mobile phone and tablet products into the United States, knowing that those products constitute a material part of the inventions of the '809 Patent, knowing those products to be especially made or adapted to infringe the '809 Patent, and knowing that those products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

112.)   As a result of Samsung's acts of infringement, Pragmatus has suffered and will continue to suffer damages in an amount to be proved at trial.

## DEMAND FOR JURY TRIAL

Pragmatus hereby demands trial by jury on all claims and issues so triable pursuant to Fed. R. Civ. Pro. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Pragmatus respectfully requests that this Court enter judgment against Defendants ASUS, Pantech, and Samsung as follows:

        a.      for judgment that Defendants have infringed one or more claims of United States Patent Nos. 6,237,025, 6,351,762, 7,185,054, 5,854,893, and 7,206,809;

        b.      that United States Patent Nos. 6,237,025, 6,351,762, 7,185,054, 5,854,893, and 7,206,809 are valid and enforceable;

        c.      for damages to be paid by the Defendants adequate to compensate Pragmatus for their past infringement and any continuing or future infringement up until the date such judgment is entered, including pre and post judgment interest, costs and disbursements as justified under 35 U.S.C. § 284;

        d.      that this is an exceptional case and awarding Pragmatus its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

        e.      for such further relief at law or equity as the Court deems just and proper.

Dated:  February 17, 2012

FARNAN LLP

By: /s/ Brian E. Farnan
    Brian E. Farnan (Bar No. 4089)
    919 North Market Street, 12th Floor
    Wilmington, Delaware 19801
    (302) 777-0300
    (302) 777-0301 (Fax)
    bfarnan@farnanlaw.com

    Attorneys for Plaintiff
    PRAGMATUS AV, LLC

Of Counsel:
Anthony Grillo
MARINO AND GRILLO
Radnor Financial Center
150 North Radnor Chester Road
Suite F-200
Radnor, PA 19087
Phone 610.977.2414
Fax 610.549.2385